FILED

08/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0229

## SYNOPSIS OF THE CASE[1]

**2022 MT 160, DA 22-0229: SISTER MARY JO McDONALD; LORI MALONEY; FRITZ DAILY; BOB BROWN; DOROTHY BRADLEY; VERNON FINLEY; MAE NAN ELLINGSON; and the LEAGUE OF WOMEN VOTERS OF MONTANA,** Plaintiffs and Appellees, v. **CHRISTI JACOBSEN, Montana Secretary of State,** Defendant and Appellant.

The Montana Supreme Court has upheld a ruling of the Butte-Silver Bow District Court that blocked a legislative proposed ballot measure from consideration during the general election this November.

The proposed referendum would have asked voters to determine whether each justice of the Montana Supreme Court should be elected from small regional geographic districts rather than on a state-wide basis. Currently, all seven justices, including the Chief Justice, are elected by voters from all 56 counties.

Relying on a 2012 Montana Supreme Court decision that precluded an almost identical legislative referendum from ballot placement, the lower court ruled that the current referendum, HB 325, was unconstitutional in that it would deprive all Montana voters of the right to elect all seven Supreme Court justices.

Noting that the previous Supreme Court precedent held that the Montana Constitution requires justices to be elected statewide, the Supreme Court concluded that HB 325 was also unconstitutional on its face, and therefore the Court had the authority to remove it from ballot consideration.

Two members of the Court would not reach the merits of the constitutional issue until Montana voters have the opportunity to vote on it. Because this referendum would not take effect until the 2024 election, it would not have any immediate impact, and the dissent would find it premature to consider the issues now. The dissenting Justices expressed skepticism that Montanans would choose to vote themselves out of the process for selecting the members of the Supreme Court. If voters were to reject the referendum, there would be nothing for the Court to decide. Five justices concluded that proceeding with an election on the clearly unconstitutional proposal would create "a false appearance that a vote on a measure means something," in addition to wasting considerable time and money.

Prior to the ruling, the Attorney General filed a motion requesting that the justices recuse themselves from the case, asserting that ruling on the question of election of Supreme Court justices was a conflict of interest. The Supreme Court denied the motion

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

citing the "rule of necessity"—if the Court were unable to preside on a case with this topic, the voters disenfranchised by the referendum would be without a judicial remedy, and further noting there is no indication that any of the justices would be candidates for the Supreme Court in elections after 2022.